JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB 22 1988

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 746

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE TEXAS DEPARTMENT OF CORRECTIONS INMATE TRUST FUND LITIGATION

TRANSFER ORDER*

This litigation presently consists of three actions pending in two districts as follows: two actions in the Southern District of Texas and one action in the Eastern District of Texas.[1] Before the Panel are three pro se motions, pursuant to 28 U.S.C. §1407, by plaintiffs to centralize these actions in the Southern District of Texas for coordinated or consolidated pretrial proceedings. Defendants in one action oppose centralization.

On the basis of the papers filed,[2] the Panel finds that these actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Texas will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share questions of fact arising out of allegations that the Texas Department of Corrections has, inter alia, mismanaged and/or misappropriated interest earned on funds deposited in the Inmate Trust Fund. Centralization under Section 1407 is therefore desirable in order to avoid duplication of discovery, prevent inconsistent pretrial proceedings, and conserve the resources of the parties and the judiciary.

---

\* Judge Milton Pollack took no part in the decision of this matter.

[1] The pro se motions before the Panel, as originally filed, included two other actions -- Robert Roberson v. T. Louis Austin, et al., S.D. Texas, C.A. No. H-84-1658; and Antonio Lacey, et al. v. Robert Gunn, et al., E.D. Texas, C.A. No. TY-84-239-CA. These actions were dismissed by their courts in December 1986 and August 1987, respectively. Accordingly, these actions are not pending in federal court and are not properly before the Panel.

[2] The parties waived oral argument and, accordingly, the question of Section 1407 transfer was submitted on the briefs. Rule 14, R.P.J.P.M.L, 89 F.R.D. 273, 283-84 (1981).

-2-

In selecting the Southern District of Texas as transferee district, we note that plaintiffs' motion for class certification in one action pending there has been granted, and other pretrial proceedings are underway there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Eastern District of Texas be, and same hereby is, transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Norman W. Black for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-746 -- In re Texas Department of Corrections Inmate Trust Fund Litigation

Eastern District of Texas

Alvaro L. Hernandez, et al. v. Raymond K. Procunier, et al., C.A. No. TY-85-328-CA

Southern District of Texas

Robert Lee Mudd, et al. v. T. Louis Austin, et al., C.A. No. H-83-2522
Wesley Eubanks, et al. v. Raymond Procunier, et al., C.A. No. H-84-2985